UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CINNAMON PIERCE,

    Plaintiff,

v.                                                        Case No. 18-11716

GUARDIAN & ASSOCIATES, DAVID BRAXTON,      HON. AVERN COHN
LAW

    Defendants.
_____/

# MEMORANDUM AND ORDER
# GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS
# AND
# DISMISSING COMPLAINT

## I. Introduction

Plaintiff Cinnamon Pierce, proceeding pro se, has filed a complaint naming the following as defendants: Guardian & Associates, David Braxton, a probate judge, the State of Michigan, Lawrence Paolucci, Nancy Williams, Pamela Traskas, BCA Stonecrest, and DMC Hospitals.

Plaintiff also seeks to proceed in forma pauperis. Based upon the information in the Application to Proceed In Forma Pauperis, the Court, under 28 U.S.C. § 1915, GRANTS plaintiff in forma pauperis (IFP) status. For the reasons that follow, however, the complaint will be dismissed.

## II. Legal Standard

Under § 1915 (e)(2) a Court may dismiss a complaint at any time if it determines that the case is frivolous or malicious, that the plaintiff fails to state a claim upon which

relief may be granted, or seeks relief against a defendant who is immune from such relief. A complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Moreover, a federal court is always "under an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990), and a federal court may not entertain an action over which it has no jurisdiction. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982). Indeed, a court is required to dismiss an action at any time if it lacks subject-matter jurisdiction. See Fed. R. Civ. P. 12(h)(3); See Wagenknecht v. United States, 533 F.3d 412, 416 (6th Cir.2008) ("a district court may sua sponte dismiss an action when it lacks subject matter jurisdiction.").

The Court must read pro se complaints indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

III. The Complaint

Plaintiff's Statement of Claim reads in its entirety:

> Slavery was outlawed and this group of people (the defendants) willfully denied me my constitutional rights. They have used their titled and career positions to capture my life as if I am a slave. They denied even my religious practices and continues [sic] to assist one another using libel, slander, defamation under color of law thereby denying me all of me constitutional, civil, religious, indigenous, biological, human, natural and inalienable rights have been violated by the defendants.

Plaintiffs allegations fail to amount to cognizable claims, and if valid claims, whether and to what extent the Court has jurisdiction over these claims. Assuming plaintiff is attempting to assert constitutional claims, plaintiff's bare allegation that defendants acted under color of law is not sufficient. Also, while plaintiff mentions

2

several state law claims, she fails to state how any of the defendants violated state law. Simply put, plaintiff sets forth no specific facts describing who or how such violations of state and federal law were perpetrated and where and when these violations occurred.

IV.  Conclusion

For the reasons stated above, the complaint is DISMISSED under 28 U.S.C. § 1915(e)(2) for lack of subject matter jurisdiction and for failure to state a claim.  The Court also certifies that any appeal from this decision could not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

SO ORDERED.

S/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

Dated: 6/8/2018
Detroit, Michigan